**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**KIMBERLY LANDIS** and **ALVA NELSON,**
as parents and guardians of A.N., a minor,

        Plaintiffs,

        v.                                        **Civil Action No. 2:11-CV-101**
                                                      (BAILEY)

**HEARTHMARK, LLC,** d/b/a Jarden Home
Brands, **WAL-MART STORES, INC.**,
**C.K.S. PACKAGING, INC.**, **PACKAGING
SERVICE COMPANY, INC.**, and
**STULL TECHNOLOGIES, INC.**,

        Defendants/Third Party Plaintiffs,

        v.

**KIMBERLY LANDIS** and **ALVA NELSON**,
in their individual capacities,

        Third Party Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION IN *LIMINE* TO PRECLUDE EXPERT WITNESSES FROM
BOLSTERING, CRITICIZING OR VILLIFYING (*SIC)* ONE ANOTHER**

Pending before this Court is Plaintiffs' Motion in *Limine* to Preclude Expert Witnesses from Bolstering, Criticizing or Villifying (*sic*) One Another [Doc. 628]. The Motion has been briefed and is ripe for decision.

In the above Motion, the plaintiffs state the following:

1.     It is wholly improper and exceedingly prejudicial to allow experts to simply bolster and/or condemn or vilify each other's experts. It is one thing for an expert

to provide his or her opinion to the jury, as well as the grounds or bases for those opinions. It is quite another thing for an expert to either improperly bolster his or her own opinion, or for an expert to bolster or criticize the opinion of another defense expert, and/or to condemn, vilify, or opine negatively as to another expert or the expert's reputation, including attempts by experts to offer their own credibility judgments of opposing or aligned experts.

2. Similarly, experts should be precluded from injecting comments as to their own personal conditions, conditions of their family members, friends, patients, or colleagues.

3. Expert should be prohibited from commenting on the validity of another expert's opinions.

4. It is the role of counsel for the parties to impeach experts during cross-examination in order to test the vailidity of their opinions, and then to argue the credibility of expert witnesses during summation. The credibility of experts is an issue for jury consideration. See **Mosser v. Fuehauf Corp.**, 940 F.2d 77, 84 (4th Cir. 1991) (holding that the district court was correct in finding that "although defendant's experts may have outnumbered plaintiff's one expert, it was for the jury to weigh the evidence and the credibility of each expert"); **In re C.R. Bard, Inc.**, MDL 2187, 2013 WL 2432918, at *44 (S.D. W.Va. June 4, 2013) (holding pursuant to Fed.R.Evid. 702, "[t]o the extent that the [Defendant's experts] purport to simply make arguments that [the Defendant's] lawyers may make, such testimony is not expert opinion and should be excluded. Simply pointing out inconsistencies does

not require any "scientific, technical, or other specialized knowledge.") . . ..

The plaintiffs are certainly correct that it is up to the jury to assess the credibility of expert witnesses. However, this rule does not necessarily prohibit an expert witness from evaluating and commenting upon the opinions of another expert. In fact, the **C.R. Bard** case, cited by plaintiffs specifically states that "the Exponent Experts' attacks on the plaintiffs' experts' scientific basis for their opinions and their alleged failure to take into account certain testing and clinical experience are admissible." 2013 WL 2432918, at 45. Further, in **C.R. Bard**, Judge Goodwin added "[t]hus, in addition to attacking the substance of an expert's opinions, a counter-expert may also opine on the unreliability of the data on which an expert's opinions is based."

In this case, the various experts will be permitted to comment on the validity of other experts conclusions, testing, and expertise. To the extent that this is categorized as "bolstering" or "criticizing," it will be permitted.

The plaintiffs also ask that this Court prohibit "vilifying" of other witnesses. "Vilifying" essentially means speaking or writing about something or someone in an abusively disparaging manner. Vilification will not be tolerated.

Accordingly, Plaintiffs' Motion in *Limine* to Preclude Expert Witnesses from Bolstering, Criticizing or Villifying (*sic*) One Another [**Doc. 628**] is **GRANTED IN PART AND DENIED IN PART.**

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: January 15, 2014.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE