UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**KIMBERLY LANDIS** and **ALVA NELSON**,
as parents and guardians of A.N., a minor,

        Plaintiffs,

        v.          Civil Action No. 2:11-CV-101
        (BAILEY)

**HEARTHMARK, LLC,** d/b/a Jarden Home
Brands, **WAL-MART STORES, INC.**,
**C.K.S. PACKAGING, INC.**, **PACKAGING
SERVICE COMPANY, INC.**, and
**STULL TECHNOLOGIES, INC.**,

        Defendants/Third Party Plaintiffs,

        v.

**KIMBERLY LANDIS** and **ALVA NELSON**,
in their individual capacities,

        Third Party Defendants.

ORDER DENYING PLAINTIFFS' *DAUBERT* MOTION TO
EXCLUDE CERTAIN OPINIONS OF RICHARD ROBY, P.E., Ph.D.;
WALTER GODFREY; FRANK E. HAGAN, P.E.; AND MAUREEN REITMAN, Sc.D.

Pending before this Court is Plaintiffs' **Daubert** Motion to Exclude Certain Opinions of Richard Roby, P.E., Ph.D.; Walter Godfrey; Frank E. Hagan, P.E.; and Maureen Reitman, Sc.D. [Doc. 495]. The Motion has been fully briefed and is ripe for decision.

In the above Motion, the plaintiffs seek to exclude the testimony of certain defense experts under **Daubert v. Merrell Dow Pharms., Inc.**, 509 U.S. 579 (1993).

The admissibility of expert opinion testimony is governed by Federal Rule of

1

Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. 702.

The rules applicable to determining whether expert testimony should be admitted are set forth in **Westberry v. Gislaved Gummi AB**, 178 F.3d 257 (4th Cir. 1999):

> Expert testimony is admissible under Rule 702, then, if it concerns (1) scientific, technical, or other specialized knowledge that (2) will aid the jury or other trier of fact to understand or resolve a fact at issue. *See* **Daubert v. Merrell Dow Pharms., Inc.,** 509 U.S. 579, 592 (1993). The first prong of this inquiry necessitates an examination of whether the reasoning or methodology underlying the expert's proffered opinion is reliable - that is, whether it is supported by adequate validation to render it trustworthy. *See **id**.* at 590 & n. 9. The second prong of the inquiry requires an analysis of whether the opinion is relevant to the facts at issue. *See **id**.* at 591-92. Thus, an expert's testimony is admissible under Rule 702 if it "rests on a reliable foundation and is relevant." **Kumho Tire Co. v. Carmichael,** 526 U.S. 137 (1999)

(internal quotation marks omitted).

A district court considering the admissibility of expert testimony exercises a gate keeping function to assess whether the proffered evidence is sufficiently reliable and relevant. See *id.* at 1174. The inquiry to be undertaken by the district court is "a flexible one" focusing on the "principles and methodology" employed by the expert, not on the conclusions reached. **Daubert**, 509 U.S. at 594-95. In making its initial determination of whether proffered testimony is sufficiently reliable, the court has broad latitude to consider whatever factors bearing on validity that the court finds to be useful; the particular factors will depend upon the unique circumstances of the expert testimony involved. See **Kumho Tire Co.**, 119 S.Ct. at 1175-76 (footnote omitted). The court, however, should be conscious of two guiding, and sometimes competing, principles. On the one hand, the court should be mindful that Rule 702 was intended to liberalize the introduction of relevant expert evidence. See **Cavallo v. Star Enter.**, 100 F.3d 1150, 1158-59 (4th Cir. 1996). And, the court need not determine that the expert testimony a litigant seeks to offer into evidence is irrefutable or certainly correct. See *id.* As with all other admissible evidence, expert testimony is subject to being tested by "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." **Daubert**, 509 U.S. at 596. On the other hand, the court must recognize that due to the difficulty of evaluating their testimony, expert witnesses have the potential to "be both

powerful and quite misleading." *Id.* at 595 (internal quotation marks omitted). And, given the potential persuasiveness of expert testimony, proffered evidence that has a greater potential to mislead than to enlighten should be excluded. See **United States v. Dorsey**, 45 F.3d 809, 815-16 (4th Cir. 1995).

178 F.3d at 260-61.

The plaintiffs do not appear to challenge the qualifications of any of the listed experts, and this Court will not discuss the same. Rather the plaintiffs contend that certain opinions should be excluded for two reasons. First, the plaintiffs contend that "[e]ach of the experts listed above has rendered opinions based on assumed facts not supported by record testimony in this case." Second, the plaintiffs contend that "[e]xpert opinion testimony based on such unfounded hypothetical scenarios is inadmissible under Rule 702 and 703 of the Federal Rules of Evidence, as well as under **Daubert v. Merrill Dow Pharmaceuticals, Inc.**, 509 U.S. 579 (1993) and its progeny."

With respect to the first contention, the crux of the issue is that each expert disagrees with the sequence of events described by the young man injured in the case. While the young man is the sole eyewitness to the events, these terribly traumatic events occurred when he was seven years old, while his deposition was taken three and one half years later. The experts whose opinions are sought to be excluded base their opinions on testing of the plaintiffs' version of the events and upon physical evidence such as the bottle in question, the burn patterns, and other physical evidence.

The fact that the defense experts offer different hypotheses as to the occurrences

4

on the evening in question do not require exclusion of the same. See **Tunnell v. Ford Motor Co.**, 330 F.Supp.2d 731, 739 (W.D. Va. 2004), in which District Judge Moon adopted the Report and Recommendation of then-Magistrate Judge Urbanski[1] permitting testimony as to various theories regarding the origin of a vehicle fire.

In **Benedi v. McNeil-P.P.C., Inc.**, 66 F.3d 1378 (4th Cir. 1995), the Court first reviewed the basic holdings of **Daubert**, and then stressed that **Daubert** has not imposed a "rigid test or checklist" of factors:

> In offering these guidelines, the court emphasized that it was not formulating a rigid test or checklist, relying instead on the ability of federal judges to properly determine admissibility. In conclusion, the Court held that the Federal Rules of Evidence, especially Rule 702, assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.

66 F.3d at 1384 (internal citation and quotation omitted).

In **Harris v. Norfolk Southern Ry. Co.**, 2013 WL 1136644, *3 (S.D. W.Va. March 18, 2013), Judge Goodwin stated that "As stated in **Westberry,** 'The inquiry to be undertaken by the district court is "a flexible one" focusing on the "principles and methodology" employed by the expert, not on the conclusions reached.' **Westberry,** 178 F.3d at 261 (quoting **Daubert,** 509 U.S. at 594-95)."

Judge Goodwin added, "I 'need not determine that the proffered expert testimony

---

[1] Judge Urbanski is now a United States District Judge for the Western District of Virginia.

is irrefutable or certainly correct' - '[a]s with all other admissible evidence, expert testimony is subject to testing by "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."' **United States v. Moreland**, 437 F.3d 424, 431 (4th Cir. 2006) (quoting **Daubert**, 509 U.S. at 596 (alteration in original); *see also* **Md. Cas. Co. [v. Therm-O-Disc, Inc.**], 137 F.3d at 783 (noting that '[a]ll **Daubert** demands is that the trial judge make a "preliminary assessment" of whether the proffered testimony is both reliable ... and helpful')." *Id*.

This Court has carefully reviewed the 543 pages of materials submitted in connection with this Motion and finds that the criticisms of the various experts' testing and opinions are fodder for cross-examination rather than a basis to exclude the testimony and opinions of those experts.

Accordingly, Plaintiffs' **Daubert** Motion to Exclude Certain Opinions of Richard Roby, P.E., Ph.D.; Walter Godfrey; Frank E. Hagan, P.E.; and Maureen Reitman, Sc.D. [**Doc. 495**] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: January 15, 2014.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE