**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**KIMBERLY LANDIS** and **ALVA NELSON,**
as parents and guardians of A.N., a minor,

       Plaintiffs,

       v.                                       Civil Action No. 2:11-CV-101
                                                                           (BAILEY)

**HEARTHMARK, LLC,** d/b/a Jarden Home
Brands, **WAL-MART STORES, INC.**,
**C.K.S. PACKAGING, INC.**, **PACKAGING
SERVICE COMPANY, INC.**, and
**STULL TECHNOLOGIES, INC.**,

       Defendants/Third Party Plaintiffs,

       v.

**KIMBERLY LANDIS** and **ALVA NELSON**,
in their individual capacities,

       Third Party Defendants.

**ORDER GRANTING HEARTHMARK, LLC AND WAL-MART STORES, INC.'S
MOTION IN LIMINE TO LIMIT THE TESTIMONY OF PACKAGING SERVICE
COMPANY, INC.'S EXPERT DR. CARL ABRAHAM TO THE OPINIONS CONTAINED
<u>IN HIS EXPERT REPORT</u>**

       Pending before this Court is Hearthmark, LLC and Wal-Mart Stores, Inc.'s Motion in Limine to Limit the Testimony of Packaging Service Company, Inc.'s Expert Dr. Carl Abraham to the Opinions Contained in His Expert Report [Doc. 638]. The Motion has been briefed and is ripe for decision.

       In the above Motion, the moving defendants seek to confine Package Service Company, Inc.'s expert, Dr. Carl Abraham, to the opinions contained in his expert report.

1

It appears that Abraham disclosed no opinions whatsoever concerning Hearthmark or Wal-Mart in his expert report, other than the P.S.C. product was new and merchantable, free from defecs in workmanship or material, and conformed to the applicable specifications. [Doc. 639-1]. During his deposition, however, plaintiffs' counsel elicited testimony from Abraham - over objection - that Hearthmark was the "manufacturer" and PSC was the "packager" of the Diamond Natural Fire Starter Gel [Doc. 639-2]. Plaintiffs' counsel further elicited testimony from Abraham, again over objection, concerning Hearthmark's alleged duties as the purported "manufacturer." [Id.]. Additionally, plaintiffs' counsel elicited testimony from Abraham, over objection, concerning Wal-Mart's duties as a retailer. Other than by plaintiffs' counsel, Abraham was not asked to render such opinions concerning the duties of a manufacturer or retailer in bringing a product to market and no such opinions were set forth in Abraham's expert report.

This testimony clearly exceeded the scope of Dr. Abraham's retention and report as well as his deposition testimony. In essence, the plaintiffs are adopting Dr. Abraham as their own witness with regard to these issues.

The Federal Rules of Civil Procedure, however, require parties to disclose, among other things, the identity of each person it expects to call as an expert witness at trial and provide a report containing a complete statement of all opinions the witness will express and the basis and reasons for them, and the facts or data considered by the witness in his/her opinions. *See* Fed. R.Civ. P. 26(a)(2). The Rules also require the parties to supplement information included in its expert's report and information given during the expert's deposition if it is learned that the disclosure or response is incorrect or incomplete. *See* Fed. R. Civ. P. 26(e). Parties who fail to provide or supplement the information

2

required by Rules 26(a) or (e) may not use that information at trial. *See* Fed. R. Civ. P. 37(c)(1); *see also* **Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.**, 318 F.3d 592, 595-96 (4th Cir. 2003) (affirming district court's order excluding opinion that was not included in expert's report). The plaintiffs have made no such disclosure.

Accordingly, Hearthmark, LLC and Wal-Mart Stores, Inc.'s Motion in Limine to Limit the Testimony of Packaging Service Company, Inc.'s Expert Dr. Carl Abraham to the Opinions Contained in His Expert Report [**Doc. 638**] is **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: January 15, 2014.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE