**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**KIMBERLY LANDIS** and **ALVA NELSON,**
as parents and guardians of A.N., a minor,

       Plaintiffs,

       v.                                          **Civil Action No. 2:11-CV-101**
                                                             (BAILEY)

**HEARTHMARK, LLC,** d/b/a Jarden Home
Brands, **WAL-MART STORES, INC.**,
**C.K.S. PACKAGING, INC.**, **PACKAGING
SERVICE COMPANY, INC.**, and
**STULL TECHNOLOGIES, INC.**,

       Defendants/Third Party Plaintiffs,

       v.

**KIMBERLY LANDIS** and **ALVA NELSON**,
in their individual capacities,

       Third Party Defendants.

**ORDER DENYING PLAINTIFFS' MOTION TO EXCLUDE ALL EVIDENCE
REGARDING THE DIVORCE AND SEPARATION OF ALVA NELSON AND
KIMBERLY LANDIS AND TO EXCLUDE OTHER IRRELEVANT DOMESTIC ISSUES**

Pending before this Court is Plaintiffs' Motion to Exclude All Evidence Regarding the Divorce and Separation of Alva Nelson and Kimberly Landis and to Exclude Other Irrelevant Domestic Issues [Doc. 616]. The Motion has been briefed and the same is ripe for decision.

In the above Motion, the plaintiffs seek to exclude all reference to the divorce and separation of the parents of A.N., Alva Nelson and Kimberly Landis, which ocurred

1

subsequent to the injury which forms the basis of this action. When this Court initially reviewed the Motion, it appeared that the Motion would be granted. However, the defendants have successfully proven the relevance of the issues for credibility purposes.

According to the defendants, Ms. Landis has given differing accounts as to how A.N. suffered his injuries. Her credibility may play an important role in determining the complex issues presented by this case.

Ms. Landis testified that prior to one of A.N.'s scheduled surgeries, she filed and obtained a protective order keeping her husband from having contact with his children, A.N. and T.M. (*See* Landis Deposition, at 149:2-151:21.) She explained that A.N. was scheduled for a lengthy surgery which would require hospitalization for several days. During that time, she and Alva were in the middle of a divorce and were not speaking. According to Landis, pursuant to hospital policy, if parents are separated or divorced, only one parent at a time may visit the child. Ms. Landis claims that her being out of the room would upset A.N. and that she looked for "any excuse [she] could to remedy the situation." (*See id.*, at 149:8-150:2.). Dr. Kagan, one of A.N.'s treating physicians at Shriners Hospital for Children, however, testified that he was not aware of, and doubted that there was, any such policy limiting only one divorced parent at a time to being in the child's room. (*See* Kagan Deposition, at 100:15-101:7.).

Ms. Landis testified that despite her representation to the court at the time she applied for the protective order that she believed Alva Nelson would harm his children, she had no reason to believe that he would do so. (*See* Landis Deposition, at 151:18-152:3.) Rather, she "used that as an excuse" and used that information "to her advantage" to keep her husband from seeing A.N. and to maximize her time with her son following his surgery.

2

(*See id.,* at 149:15-151:20-21.).  This was despite the fact that she admits that Mr. Nelson has not done anything to threaten her or his children, *id.* at 152:21-23; 153:11-14; 220:4-6, and despite the posting in her online journal/blog that "Butch is a good Christian man, a very caring and loving husband and father." (*See* Journal Excerpts).  Ms. Landis withdrew the protective order as soon as A.N. was out of surgery. (Landis Deposition, at 153:18-21.).  As she admitted in response to her counsel's questioning, the timing of the restraining order was "convenient" and the sequences leading up to it "played in [her] favor." (*Id.* at 215:15; 220:2-3.).

Ms. Landis' actions after the accident, specifically with respect to the protective order she obtained against her husband are relevant to her credibility and her willingness to – as she admits – use information "to her advantage."  Her admission that she did not believe that her husband would harm her or his children and her application for a protective order indicating otherwise is relevant and admissible to her credibility, or lack thereof.  *See* Fed.R.E. 611(b) (permitting cross examination of areas affecting the witness' credibility); accord ***Sizemore v. Rubenstein***, 2006 WL 709220, at *25 (S.D. W.Va. March 20, 2006); ***United States v. Ramos-Cruz****,* 667 F.3d 487, 504 (4th Cir. 2012) (cross examination allows the defendant "to impeach the witness's credibility by demonstrating bias, prejudice, or ulterior motive, or by revealing facts about the witness that suggest an untruthful disposition).  *See also* Fed.R.E. 608(b) (allowing for cross examination into specific instances of conduct that are probative of the witness's character for truthfulness or untruthfulness).

Defendants do not contend the divorce itself has any independent relevance, but

that evidence of those proceedings are admissible to the extent necessary to explain Landis' pursuit of a protective order.

Accordingly, Plaintiffs' Motion to Exclude All Evidence Regarding the Divorce and Separation of Alva Nelson and Kimberly Landis and to Exclude Other Irrelevant Domestic Issues [Doc. 616] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: January 15, 2014.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE