## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA
## ELKINS

**KIMBERLY LANDIS** and **ALVA NELSON,**
as parents and guardians of A.N., a minor,

       Plaintiffs,

    v.                                                      Civil Action No. 2:11-CV-101
                                                                     (BAILEY)

**HEARTHMARK, LLC,** d/b/a Jarden Home
Brands, **WAL-MART STORES, INC.**,
**C.K.S. PACKAGING, INC.**, **PACKAGING
SERVICE COMPANY, INC.**, and
**STULL TECHNOLOGIES, INC.**,

       Defendants/Third Party Plaintiffs,

    v.

**KIMBERLY LANDIS** and **ALVA NELSON**,
in their individual capacities,

       Third Party Defendants.

## ORDER DENYING IN PART AND GRANTING IN PART
## *DAUBERT* MOTIONS REGARDING DR. DUANE PRIDDY

Pending before this Court are defendant C.K.S. Packaging, Inc.'s Motion to Exclude the Opinions and Testimony of Dr. Duane Priddy [Doc. 450], Defendant Packaging Service Co., Inc.'s Limited Joinder to C.K.S. Packaging, Inc.'s Motion to Exclude the Opinions and Testimony of Dr. Duane Priddy and Brief Supplement [Doc. 472], and Defendants Hearthmark, LLC and Wal-Mart Stores, Inc.'s Motion to Exclude the Opinions and Testimony of Dr. Duane Priddy [Doc. 481]. The Motions have been fully briefed and are ripe for decision.

1

In the above Motions, the parties seek to exclude the testimony of the plaintiffs' expert, Dr. Duane Priddy, under **Daubert v. Merrell Dow Pharms., Inc.**, 509 U.S. 579 (1993).

The admissibility of expert opinion testimony is governed by Federal Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. 702.

The rules applicable to determining whether expert testimony should be admitted are set forth in **Westberry v. Gislaved Gummi AB**, 178 F.3d 257 (4th Cir. 1999):

> Expert testimony is admissible under Rule 702, then, if it concerns (1) scientific, technical, or other specialized knowledge that (2) will aid the jury or other trier of fact to understand or resolve a fact at issue. *See* **Daubert v. Merrell Dow Pharms., Inc.,** 509 U.S. 579, 592 (1993). The first prong of this inquiry necessitates an examination of whether the reasoning or methodology underlying the expert's proffered opinion is reliable - that is, whether it is supported by adequate validation to render it trustworthy. *See id.* at 590 &

n. 9. The second prong of the inquiry requires an analysis of whether the opinion is relevant to the facts at issue. *See id.* at 591-92. Thus, an expert's testimony is admissible under Rule 702 if it "rests on a reliable foundation and is relevant." ***Kumho Tire Co. v. Carmichael****,* 526 U.S. 137 (1999) (internal quotation marks omitted).

A district court considering the admissibility of expert testimony exercises a gate keeping function to assess whether the proffered evidence is sufficiently reliable and relevant. *See id.* at 1174. The inquiry to be undertaken by the district court is "a flexible one" focusing on the "principles and methodology" employed by the expert, not on the conclusions reached. ***Daubert****,* 509 U.S. at 594-95. In making its initial determination of whether proffered testimony is sufficiently reliable, the court has broad latitude to consider whatever factors bearing on validity that the court finds to be useful; the particular factors will depend upon the unique circumstances of the expert testimony involved. *See ****Kumho Tire Co.****,* 119 S.Ct. at 1175-76 (footnote omitted). The court, however, should be conscious of two guiding, and sometimes competing, principles. On the one hand, the court should be mindful that Rule 702 was intended to liberalize the introduction of relevant expert evidence. *See **Cavallo v. Star Enter.**,* 100 F.3d 1150, 1158-59 (4th Cir. 1996). And, the court need not determine that the expert testimony a litigant seeks to offer into evidence is irrefutable or certainly correct. *See id.* As with all other admissible evidence, expert testimony is subject to being

3

tested by "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." **Daubert**, 509 U.S. at 596. On the other hand, the court must recognize that due to the difficulty of evaluating their testimony, expert witnesses have the potential to "be both powerful and quite misleading." *Id.* at 595 (internal quotation marks omitted). And, given the potential persuasiveness of expert testimony, proffered evidence that has a greater potential to mislead than to enlighten should be excluded. See **United States v. Dorsey**, 45 F.3d 809, 815-16 (4th Cir. 1995).

178 F.3d at 260-61.

The first issue which must be addressed is whether Dr. Priddy is "qualified as an expert by knowledge, skill, experience, training, or education" to render the opinions which he has proffered. "Under Rule 702, to be 'qualified' as an expert, a witness must have 'knowledge, skill, experience, training, or education' in the subject area in which he intends to testify. Fed.R.Evid. 702. An expert's qualification depends on 'the nature of the opinion he offers.' See **Gladhill v. Gen. Motors Corp.**, 743 F.2d 1049, 1052 (4th Cir. 1984)." **Foster v. Legal Sea Foods, Inc.**, 2008 WL 2945561 (D. Md. July 25, 2008).

Dr. Priddy has a B.A. degree in chemistry from Olivet College and a Ph.D. in organic chemistry from Michigan State University. For over 30 years he was employed by Dow Chemical as a research scientist, serving as Principal Scientist for Polycarbonate and Styrenic Plastics Businesses. He is the founder and CEO of Plastics Failure Labs, for which he performs failure analysis on numerous plastic products, including products made

4

of PVC.  While employed by Dow, one of his job duties was to assess failures in plastic products.  In his own business, he performs failure analysis on a wide range of plastic products, both on behalf of law firms and on behalf of private companies evaluating their own products.

His discipline is not limited to a particular kind of plastic products, but rather to principles that apply to all plastic products, including bottles.  Over the course of his career spanning several decades, he has been recognized as an expert in his field in several respects.  He holds more than 60 patents, and he has been published over 100 times. Several publications are in encyclopedias and other authoritative resources. Dow Chemical bestowed on him a Lifetime Achievement Award.  Both the Society of Plastics Engineers and the American Chemical Society recognize Dr. Priddy as a Fellow.

The Movants focus upon a statement made in another litigation some five years ago where Dr. Priddy admitted that he was not a "bottle expert."  However, Dr. Priddy points out that he has consulted on "four or five" bottle projects since making that statement.  While the Movants note that none of those projects involved litigation, in this Court's opinion, that fact militates in favor of allowing the testimony.

In ***AVX Corp. v. United States***, 518 Fed.Appx. 130, 135 (4th Cir. 2013), the Fourth Circuit affirmed a District Court's decision to admit a hydrogeologist's testimony concerning contamination of the chemical TCE in groundwater.  Although the defendant argued that the expert's specialty in hydrogeology was not specific enough to permit him to testify as to TCE, the Fourth Circuit disagreed, determining that his general knowledge of hydrogeology was sufficient for him to reliably apply that experience to groundwater contamination of a particular chemical, notwithstanding that he was not an expert on TCE

specifically.

In ***Benedi v. McNeil-P.P.C., Inc.***, 66 F.3d 1378 (4th Cir. 1995), the Court first reviewed the basic holdings of ***Daubert***, and then stressed that ***Daubert*** has not imposed a "rigid test or checklist" of factors:

> In offering these guidelines, the court emphasized that it was not formulating a rigid test or checklist, relying instead on the ability of federal judges to properly determine admissibility. In conclusion, the Court held that the Federal Rules of Evidence, especially Rule 702, assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.

66 F.3d at 1384 (internal citation and quotation omitted).

In ***Harris v. Norfolk Southern Ry. Co.***, 2013 WL 1136644, *3 (S.D. W.Va. March 18, 2013), Judge Goodwin stated that "As stated in ***Westberry,*** 'The inquiry to be undertaken by the district court is "a flexible one" focusing on the "principles and methodology" employed by the expert, not on the conclusions reached.' ***Westberry,*** 178 F.3d at 261 (quoting ***Daubert,*** 509 U.S. at 594-95)."

Judge Goodwin added, "I 'need not determine that the proffered expert testimony is irrefutable or certainly correct' - '[a]s with all other admissible evidence, expert testimony is subject to testing by "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."' ***United States v. Moreland,*** 437 F.3d 424, 431 (4th Cir. 2006) (quoting ***Daubert,*** 509 U.S. at 596 (alteration in original); *see also* ***Md. Cas. Co. [v. Therm-O-Disc, Inc.]***, 137 F.3d at 783 (noting that '[a]ll ***Daubert*** demands is

that the trial judge make a "preliminary assessment" of whether the proffered testimony is both reliable ... and helpful')." *Id.*

This Court has carefully reviewed the 456 pages of materials submitted in connection with these Motions and finds that the criticisms of Dr. Priddy's testing and opinions are fodder for cross-examination rather than a basis to exclude the testimony and opinions of Dr. Priddy, with two exceptions:

1. The proposed opinion that the fire-starter meets the definition of Napalm is excluded. The fire-starter and Napalm are different chemicals with different purposes. In addition, the use of that term is intended to arouse the emotions of the jury and is prejudicial. There is simply no probative value to the term;

2. The proposed opinion that C.K.S. had a duty to test the end product is also excluded. The question of duty is an issue of law for the Court. *See **Assurance Co. of America v. York Intern., Inc.***, 305 Fed.Appx. 916, 926 (4th Cir. 2008); Syl Pt. 5 ***Eastern Steel Constructors, Inc. v. City of Salem***, 209 W.Va. 392, 549 S.E.2d 266 (2001) ("'The determination of whether a defendant in a particular case owes a duty to the plaintiff is not a factual question for the jury; rather the determination of whether a plaintiff is owed a duty of care by a defendant must be rendered by the court as a matter of law.' Syllabus point 5, ***Aikens v. Debow***, 208 W.Va. 486, 541 S.E.2d 576 (2000).").

Accordingly, defendant C.K.S. Packaging, Inc.'s Motion to Exclude the Opinions and Testimony of Dr. Duane Priddy [**Doc. 450**], Defendant Packaging Service Co., Inc.'s Limited Joinder to C.K.S. Packaging, Inc.'s Motion to Exclude the Opinions and Testimony of Dr. Duane Priddy and Brief Supplement [**Doc. 472**], and Defendants Hearthmark, LLC

and Wal-Mart Stores, Inc.'s Motion to Exclude the Opinions and Testimony of Dr. Duane Priddy [**Doc. 481**] are **DENIED IN PART AND GRANTED IN PART** .

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: January 15, 2014.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE