UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**KIMBERLY LANDIS** and **ALVA NELSON**,
as parents and guardians of A.N., a minor,

      Plaintiffs,

      v.                                      **Civil Action No. 2:11-CV-101**
                                                  (BAILEY)

**HEARTHMARK, LLC,** d/b/a Jarden Home
Brands, **WAL-MART STORES, INC.**,
**C.K.S. PACKAGING, INC.**, **PACKAGING
SERVICE COMPANY, INC.**, and
**STULL TECHNOLOGIES, INC.**,

      Defendants/Third Party Plaintiffs,

      v.

**KIMBERLY LANDIS** and **ALVA NELSON**,
in their individual capacities,

      Third Party Defendants.


## <u>ORDER DENYING *DAUBERT* MOTIONS REGARDING TARA HENRIKSEN, Ph.D.</u>

Pending before this Court are defendants Hearthmark, LLC and Wal-Mart Stores, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Expert Tara Henriksen, Ph.D. [Doc. 466], Defendant Packaging Service Co., Inc.'s Joinder Motion to Hearthmark, LLC and Wal-Mart Stores, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Expert Tara Henriksen, Ph.D. [Doc. 473], defendant C.K.S. Packaging, Inc.'s Motion to Exclude the Opinions and Testimony of Dr. Tara Henriksen [Doc. 479], and defendant Stull Technologies, Inc.'s

1

Joinder in Hearthmark, LLC and Wal-Mart Stores, Inc.'s Motion to Exclude Testimony of Plaintiffs' Expert Tara Henriksen, Ph.D. [Doc. 488]. The Motions have been fully briefed and are ripe for decision.

In the above Motions, the parties seek to exclude the testimony of the plaintiffs' expert, Tara Henriksen, Ph.D., under **Daubert v. Merrell Dow Pharms., Inc.**, 509 U.S. 579 (1993).

The admissibility of expert opinion testimony is governed by Federal Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. 702.

The rules applicable to determining whether expert testimony should be admitted are set forth in **Westberry v. Gislaved Gummi AB**, 178 F.3d 257 (4th Cir. 1999):

> Expert testimony is admissible under Rule 702, then, if it concerns (1) scientific, technical, or other specialized knowledge that (2) will aid the jury or other trier of fact to understand or resolve a fact at issue. *See* **Daubert v. Merrell Dow Pharms., Inc.,** 509 U.S. 579, 592 (1993). The first prong of this

inquiry necessitates an examination of whether the reasoning or methodology underlying the expert's proffered opinion is reliable - that is, whether it is supported by adequate validation to render it trustworthy. *See id.* at 590 & n. 9. The second prong of the inquiry requires an analysis of whether the opinion is relevant to the facts at issue. *See id.* at 591-92. Thus, an expert's testimony is admissible under Rule 702 if it "rests on a reliable foundation and is relevant." **Kumho Tire Co. v. Carmichael**, 526 U.S. 137 (1999) (internal quotation marks omitted).

A district court considering the admissibility of expert testimony exercises a gate keeping function to assess whether the proffered evidence is sufficiently reliable and relevant. *See id.* at 1174. The inquiry to be undertaken by the district court is "a flexible one" focusing on the "principles and methodology" employed by the expert, not on the conclusions reached. *Daubert,* 509 U.S. at 594-95. In making its initial determination of whether proffered testimony is sufficiently reliable, the court has broad latitude to consider whatever factors bearing on validity that the court finds to be useful; the particular factors will depend upon the unique circumstances of the expert testimony involved. *See* **Kumho Tire Co.,** 119 S.Ct. at 1175-76 (footnote omitted). The court, however, should be conscious of two guiding, and sometimes competing, principles. On the one hand, the court should be mindful that Rule 702 was intended to liberalize the introduction of relevant expert evidence. *See* **Cavallo v. Star Enter.,** 100 F.3d 1150, 1158-59 (4th

Cir. 1996). And, the court need not determine that the expert testimony a litigant seeks to offer into evidence is irrefutable or certainly correct. *See id.* As with all other admissible evidence, expert testimony is subject to being tested by "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." **Daubert**, 509 U.S. at 596. On the other hand, the court must recognize that due to the difficulty of evaluating their testimony, expert witnesses have the potential to "be both powerful and quite misleading." *Id.* at 595 (internal quotation marks omitted). And, given the potential persuasiveness of expert testimony, proffered evidence that has a greater potential to mislead than to enlighten should be excluded. *See* **United States v. Dorsey**, 45 F.3d 809, 815-16 (4th Cir. 1995).

178 F.3d at 260-61.

The first issue which must be addressed is whether Dr. Henriksen is "qualified as an expert by knowledge, skill, experience, training, or education" to render the opinions which she has proffered. "Under Rule 702, to be 'qualified' as an expert, a witness must have 'knowledge, skill, experience, training, or education' in the subject area in which he intends to testify. Fed.R.Evid. 702. An expert's qualification depends on 'the nature of the opinion he offers.' *See* **Gladhill v. Gen. Motors Corp.**, 743 F.2d 1049, 1052 (4th Cir. 1984)." **Foster v. Legal Sea Foods, Inc.**, 2008 WL 2945561 (D. Md. July 25, 2008).

This Court has no quarrel with Dr. Henriksen's qualifications. Dr. Henriksen has a Ph.D. in Chemical Engineering from the University of Utah. She is a certified fire and

4

explosive investigator. In her educational background she specialized in combustion.

Her job involves investigating fires and explosions, and assessing and identifying hazards, including flashbacks. She is educated in, and has published and presented in, process safety.

No defendant has attempted to argue that Dr. Henriksen lacks expertise in evaluating a chemical's flash point or combustion hazard. Rather, CKS argues in its Motion that Dr. Henriksen is not an expert in plastic bottles. While Dr. Henriksen is qualified as a process safety expert to offer her opinion that the subject gel should have been packaged in a stronger container with a flame arrestor, she is expressly relying upon other witnesses to provide more precise details on bottle design. Her testing and opinion regarding the chemical properties of the gel, and the flashback hazard associated with it, must be considered in conjunction with other experts.

In *Benedi v. McNeil-P.P.C., Inc.*, 66 F.3d 1378 (4th Cir. 1995), the court first reviewed the basic holdings of *Daubert*, and then stressed that *Daubert* has not imposed a "rigid test or checklist" of factors:

> In offering these guidelines, the court emphasized that it was not formulating a rigid test or checklist, relying instead on the ability of federal judges to properly determine admissibility. In conclusion, the Court held that the Federal Rules of Evidence, especially Rule 702, assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.

66 F.3d at 1384 (internal citation and quotation omitted).

In **Harris v. Norfolk Southern Ry. Co.**, 2013 WL 1136644, *3 (S.D. W.Va. March 18, 2013), Judge Goodwin stated that "As stated in **Westberry,** 'The inquiry to be undertaken by the district court is "a flexible one" focusing on the "principles and methodology" employed by the expert, not on the conclusions reached.' **Westberry,** 178 F.3d at 261 (quoting **Daubert,** 509 U.S. at 594-95)."

Judge Goodwin added, "I 'need not determine that the proffered expert testimony is irrefutable or certainly correct' - '[a]s with all other admissible evidence, expert testimony is subject to testing by "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."' **United States v. Moreland,** 437 F.3d 424, 431 (4th Cir. 2006) (quoting **Daubert,** 509 U.S. at 596 (alteration in original); *see also* **Md. Cas. Co. [v. Therm-O-Disc, Inc.**], 137 F.3d at 783 (noting that '[a]ll **Daubert** demands is that the trial judge make a "preliminary assessment" of whether the proffered testimony is both reliable ... and helpful')." **Id**.

This Court has carefully reviewed the 335 pages of materials submitted in connection with these Motions and finds that the criticisms of Dr. Henriksen's testing and opinions are fodder for cross-examination rather than a basis to exclude the testimony and opinions of Dr. Henriksen.

Accordingly, defendants Hearthmark, LLC and Wal-Mart Stores, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Expert Tara Henriksen, Ph.D. [**Doc. 466**], Defendant Packaging Service Co., Inc.'s Joinder Motion to Hearthmark, LLC and Wal-Mart Stores, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Expert Tara Henriksen, Ph.D. [**Doc. 473**], defendant C.K.S. Packaging, Inc.'s Motion to Exclude the Opinions and Testimony

of Dr. Tara Henriksen [Doc. **479**], and defendant Stull Technologies, Inc.'s Joinder in Hearthmark, LLC and Wal-Mart Stores, Inc.'s Motion to Exclude Testimony of Plaintiffs' Expert Tara Henriksen, Ph.D. [**Doc. 488**] are **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: January 15, 2014.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE