**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**KIMBERLY LANDIS** and **ALVA NELSON,**
as parents and guardians of A.N., a minor,

        Plaintiffs,

        v.                                             **Civil Action No. 2:11-CV-101**
                                                                         **(BAILEY)**

**HEARTHMARK, LLC,** d/b/a Jarden Home
Brands, **WAL-MART STORES, INC.**,
**C.K.S. PACKAGING, INC.**, **PACKAGING
SERVICE COMPANY, INC.**, and
**STULL TECHNOLOGIES, INC.**,

        Defendants/Third Party Plaintiffs,

        v.

**KIMBERLY LANDIS** and **ALVA NELSON**,
in their individual capacities,

        Third Party Defendants.

**ORDER GRANTING C.K.S. PACKAGING, INC.'S MOTION *IN LIMINE* TO
PROHIBIT USE OF THE TERMS "NAPALM" AND "BOMB" AND
GRANTING IN PART AND DENYING IN PART HEARTHMARK, LLC AND WAL-
MART STORES, INC.'S MOTION IN LIMINE TO PROHIBIT USE OF THE
TERMS "NAPALM," "BOMB" AND "EXPLOSIVE" AT THE TIME OF TRIAL**

        Pending before this Court are C.K.S. Packaging, Inc.'s Motion *in Limine* to Prohibit

Use of the Terms "Napalm" and "Bomb" [Doc. 443], Hearthmark, LLC and Wal-Mart Stores,

Inc.'s Motion in Limine to Prohibit Use of the Terms "Napalm," "Bomb" and "Explosive" at

the Time of Trial [Doc. 609], Packaging Service Co., Inc.'s Joinder to CKS Packaging,

Inc.'s Motion *in Limine* to Prohibit Use of the Terms "Napalm" and "Bomb" [Doc. 615], and

1

Packaging Service Co., Inc.'s Joinder in Response to Hearthmark, LLC and Wal-Mart Stores, Inc.'s Motion in Limine to Prohibit Use of the Terms "Napalm," "Bomb" and "Explosive" at the Time of Trial [Doc. 674]. The Motions have been briefed and the same are ripe for decision.

In the above Motions, the moving defendants seek to prohibit the use of the terms "napalm," "bomb" and "explosive" during the trial of this case. This Court will grant the Motions insofar as they seek to exclude the terms "napalm" and "bomb," but will deny the Motions insofar as they seek to exclude the term "explosive."

The terms "napalm" and "bomb" conjure up emotionally charged images of warfare and terrorism and have no probative value. The product in issue in this case is distinctive from napalm in chemical composition, physical properties and purposes. A bomb is a device which is used as a weapon designed to explode in order to injure or kill people or to damage or destroy property of an enemy. The use of these terms would solely be to inflame the passions of the jury, and is prohibited.

The term "explosive" is another story. The Material Safety Data Sheet for Diamond Natural Fire Starter Gel states: "Vapors may form explosive mixtures with air," "Vapor explosion hazard indoors," "may polymerize explosively," and "may create fire or explosion hazard."

Accordingly, C.K.S. Packaging, Inc.'s Motion *in Limine* to Prohibit Use of the Terms "Napalm" and "Bomb" [**Doc. 443**] and Packaging Service Co., Inc.'s Joinder to CKS Packaging, Inc.'s Motion *in Limine* to Prohibit Use of the Terms "Napalm" and "Bomb" [**Doc. 615**] are **GRANTED**. Hearthmark, LLC and Wal-Mart Stores, Inc.'s Motion in Limine

to Prohibit Use of the Terms "Napalm," "Bomb" and "Explosive" at the Time of Trial [Doc. 609] and Packaging Service Co., Inc.'s Joinder in Response to Hearthmark, LLC and Wal-Mart Stores, Inc.'s Motion in Limine to Prohibit Use of the Terms "Napalm," "Bomb" and "Explosive" at the Time of Trial [Doc. 674] are **GRANTED IN PART AND DENIED IN PART.**

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: January 15, 2014.

**JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE**