**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**KIMBERLY LANDIS** and **ALVA NELSON,**
as parents and guardians of A.N., a minor,

      Plaintiffs,

      v.                                  Civil Action No. 2:11-CV-101
                                                      (BAILEY)

**HEARTHMARK, LLC,** d/b/a Jarden Home
Brands, **WAL-MART STORES, INC.**,
**C.K.S. PACKAGING, INC.**, **PACKAGING
SERVICE COMPANY, INC.**, and
**STULL TECHNOLOGIES, INC.**,

      Defendants/Third Party Plaintiffs,

      v.

**KIMBERLY LANDIS** and **ALVA NELSON**,
in their individual capacities,

      Third Party Defendants.

**ORDER DENYING MOTIONS *IN LIMINE* TO PRECLUDE UNDULY PREJUDICIAL,
GROTESQUE OR GRUESOME BURN PHOTOGRAPHS AND VIDEOS**

Pending before this Court are Stull Technologies, Inc.'s Motion *In Limine* and Incorporated Memorandum of Law to Preclude Unduly Prejudicial, Grotesque, or Gruesome Burn Photographs and Videos [Doc. 626], C.K.S. Packaging, Inc.'s Joinder to ECF No. 626, Stull Technologies, Inc.'s Motion *In Limine* and Incorporated Memorandum of Law to Preclude Unduly Prejudicial, Grotesque, or Gruesome Burn Photographs and Videos [Doc. 669], Packaging Service Co., Inc.'s Joinder in Response to Stull Technologies, Inc.'s Motion *In Limine* and Incorporated Memorandum of Law to Preclude

1

Unduly Prejudicial, Grotesque, or Gruesome Burn Photographs and Videos [Doc. 675], and Defendants Hearthmark, LLC and Wal-Mart Stores, Inc.'s Joinder in Response to Stull Technologies, Inc.'s Motion *In Limine* and Incorporated Memorandum of Law to Preclude Unduly Prejudicial, Grotesque, or Gruesome Burn Photographs and Videos [Doc. 695]. The Motions have been briefed and the same is ripe for decision.

In the above Motion, the plaintiffs seek to exclude photographs and videos taken of A.N. while he was going through the treatment process for his burns, which were third degree burns covering 65% of his body.

The defendants contend that the photographs and videos should be excluded as unduly prejudicial, grotesque or gruesome. This Court is well aware that it has a duty to exclude photographs and videos that are "unduly prejudicial," such that the prejudicial effect outweighs the probative value. With respect to this Motion, however, the Movants have failed to provide the Court with any of the photographs.

Based upon the filings, this Court understands that these photographs and videos are representative of A.N.'s condition and treatment at various points during his recovery. In **Simeon v. T. Smith & Son, Inc.**, 852 F.2d 1421, 1426 (5th Cir. 1988), the Fifth Circuit affirmed the admission of allegedly gruesome photographs, stating that "[t]he allegedly 'gruesome' photographs simply show the condition of Simeon's foot as he recuperated in the hospital. Any 'gruesomeness' was due wholly to the nature of Simeon's injury, and it is not shown that any other reasonably accurate and complete photographic portrayal would have been less gruesome." *See* **In re Air Crash Disaster near New Orleans, La., on July 9, 1982**, 767 F.2d 1151, 1153-54 (5th Cir. 1985).

2

In this case, the jury is responsible and given discretion to determine the severity of A.N.'s injuries and to award the amount of damages that they believe is appropriate for the pain, suffering, mental anguish, and loss of enjoyment of life suffered by A.N. When a jury has this task, it would be inappropriate to deprive them of the evidence that is most demonstrative of the pain and suffering which A.N. endured in the past. While the defendants would prefer that the jury hear only other witnesses' descriptions of the injuries, these photographs and video, taken in real time, are the probative evidence of A.N.'s pain and suffering. This Court agrees with the plaintiffs that it would be unfair to hide this important and relevant testimony from the jury simply because the Defendants are afraid of what it really shows.

This Court believes that the probative value of these depictions outweighs any unfair prejudicial effect of the evidence.

Accordingly, Stull Technologies, Inc.'s Motion *In Limine* and Incorporated Memorandum of Law to Preclude Unduly Prejudicial, Grotesque, or Gruesome Burn Photographs and Videos [**Doc. 626**], C.K.S. Packaging, Inc.'s Joinder to ECF No. 626, Stull Technologies, Inc.'s Motion *In Limine* and Incorporated Memorandum of Law to Preclude Unduly Prejudicial, Grotesque, or Gruesome Burn Photographs and Videos [**Doc. 669**], Packaging Service Co., Inc.'s Joinder in Response to Stull Technologies, Inc.'s Motion *In Limine* and Incorporated Memorandum of Law to Preclude Unduly Prejudicial, Grotesque, or Gruesome Burn Photographs and Videos [**Doc. 675**], and Defendants Hearthmark, LLC and Wal-Mart Stores, Inc.'s Joinder in Response to Stull Technologies, Inc.'s Motion *In Limine* and Incorporated Memorandum of Law to Preclude Unduly Prejudicial, Grotesque,

3

or Gruesome Burn Photographs and Videos [**Doc. 695**] are **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: January 15, 2014.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE