UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**KIMBERLY LANDIS** and **ALVA NELSON,**
as parents and guardians of A.N., a minor,

    Plaintiffs,

  v.              Civil Action No. 2:11-CV-101
                   (BAILEY)

**HEARTHMARK, LLC,** d/b/a Jarden Home
Brands, **WAL-MART STORES, INC.**,
**C.K.S. PACKAGING, INC.**, **PACKAGING
SERVICE COMPANY, INC.**, and
**STULL TECHNOLOGIES, INC.**,

    Defendants/Third Party Plaintiffs,

  v.

**KIMBERLY LANDIS** and **ALVA NELSON**,
in their individual capacities,

    Third Party Defendants.

**ORDER DENYING MOTIONS IN
LIMINE TO EXCLUDE VIDEO BY BRENT HARRIS**

    Pending before this Court are Defendant Hearthmark, LLC and Wal-Mart Stores, Inc.'s Motion *in Limine* to Exclude Testing of Brent Harris [Doc. 605], C.K.S. Packaging, Inc.'s Joinder to ECF No. 605, Hearthmark, LLC and Wal-Mart Stores, Inc.'s Motion *in Limine* to Exclude Testing of Brent Harris [Doc. 668], and Packaging Service Co., Inc.'s Joinder in Response to Hearthmark, LLC and Wal-Mart Stores, Inc.'s Motion *in Limine* to Exclude Testing of Brent Harris [Doc. 673]. The Motions have been briefed and are ripe for decision.

1

In the above Motions, the moving defendants seek to exclude from the trial the testimony of Brent Harris and all demonstrations that he conducted. The defendants note that Mr. Harris admitted that the demonstrations were not "scientific" and that the demonstrations did not replicate the conditions of the actual incident.

According to the moving defendants, video demonstrations may only be conducted by persons who qualify as experts. Further, the defendants contend that Harris cannot authenticate the video footage, because he did not personally record the video footage of the demonstrations; he does not know the identities of the actual videographers; he admits that none of the videotapes show the test preparations; and he admits that he had not seen the videotapes or had them in his possession until the day before his deposition.

The plaintiffs respond that Brent Harris, a certified fire investigator, assisted Plaintiffs' counsel in conducting video demonstrations in which he poured Diamond Fire Starter Gel ("Diamond Gel" or "Gel") onto a flame in order to allow the vapors to ignite, so that a video recording could memorialize how far a flame will travel on a vapor trail.

According to plaintiffs, these demonstrations show that a flame that travels over a vapor trail can pass through the Diamond Gel's cap into the bottle as long as the cap orifice is not completely blocked by the Gel. These demonstrations are helpful because it would be impractical to demonstrate these events in the jury's presence. Furthermore, they are relevant because plaintiffs' theory is that a hot coal ignited vapors from the Diamond Gel, a flame traveled up a vapor trail to the bottle held in A.N.'s hands, and passed through the bottle orifice to cause combustion inside the bottle. Various experts rely (in part) upon Mr. Harris's videos to demonstrate that the second and third elements of this progression are plausible and did, in fact, occur. Importantly, Mr. Harris has not been retained to offer

opinion testimony of any kind. Rather, his firsthand knowledge of the video demonstrations allows him to authenticate the videos.

This Court will permit the introduction of the videos. The videos may be authenticated by Mr. Harris. It is sufficient that he testifies that he was present for the entire filming and that the videos truly and accurately depict the demonstration that he witnessed. Furthermore, Mr. Harris may testify as to what was shown in the videos. Inasmuch as he is not being offered as an expert witness, he cannot interpret the import of the videos or draw any conclusions concerning the videos. That will be up to the experts who rely, in part, on the videos in formulating their opinions.

Accordingly, Defendant Hearthmark, LLC and Wal-Mart Stores, Inc.'s Motion *in Limine* to Exclude Testing of Brent Harris [**Doc. 605**], C.K.S. Packaging, Inc.'s Joinder to ECF No. 605, Hearthmark, LLC and Wal-Mart Stores, Inc.'s Motion *in Limine* to Exclude Testing of Brent Harris **[Doc. 668**], and Packaging Service Co., Inc.'s Joinder in Response to Hearthmark, LLC and Wal-Mart Stores, Inc.'s Motion *in Limine* to Exclude Testing of Brent Harris [**Doc. 673**] are **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: January 15, 2014.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

3