**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**KIMBERLY LANDIS** and **ALVA NELSON**,
as parents and guardians of A.N., a minor,

       Plaintiffs,

      v.                                            Civil Action No. 2:11-CV-101
                                                           (BAILEY)

**HEARTHMARK, LLC,** d/b/a Jarden Home
Brands, **WAL-MART STORES, INC.**,
**C.K.S. PACKAGING, INC.**, **PACKAGING
SERVICE COMPANY, INC.**, and
**STULL TECHNOLOGIES, INC.**,

       Defendants/Third Party Plaintiffs,

      v.

**KIMBERLY LANDIS** and **ALVA NELSON**,
in their individual capacities,

       Third Party Defendants.

**ORDER DENYING PLAINTIFFS' MOTION *IN LIMINE*
TO EXCLUDE TESTIMONY FROM DEFENSE EXPERTS CONCERNING
LIMITATIONS PLACED ON DESTRUCTIVE TESTING BY THE COURT**

Pending before this Court is Plaintiffs' Motion *in Limine* to Exclude Testimony from Defense Experts Concerning Limitations Placed on Destructive Testing by the Court and Memorandum in Support [Doc. 610]. The Motion has been briefed and is ripe for decision.

In the above Motion, the plaintiffs seek to exclude any comment, statement, argument, testimony, or evidence that any limitations were placed by the plaintiffs or plaintiffs' counsel on the destructive testing of the subject bottle.

1

In this case, the defendants sought to test the subject bottle to determine what caused the rupture. Plaintiffs opposed any destructive testing on the bottle, arguing that destruction of the bottle was unnecessary and could potentially alter vital evidence in this case. On March 13, 2013, a hearing was held before Magistrate Judge James E. Seibert. During that hearing, plaintiffs vehemently argued that no testing be conducted at the rupture site. Magistrate Judge Seibert permitted the requested testing, but ordered that testing not take place at the rupture site.

During his deposition, plaintiffs' expert, Dr. Priddy, opined that the defense testing results were irrelevant because testing was not conducted directly at the rupture site. Although Dr. Priddy was present for the testing, he did not offer that view during the testing. To the contrary, plaintiffs ensured that no testing be conducted at the rupture site.

Later, during the deposition of Hearthmark expert, Dr. Maureen Reitman, plaintiffs questioned whether her opinions were flawed because the testing was not done at the rupture site. Dr. Reitman denied that the test results were flawed, and noted that plaintiffs could hardly criticize the testing for reasons that they prevented. Similar questions were also posed to C.K.S. expert, Clinton Cowen.

This Court agrees with the defendants that the plaintiffs may not use Magistrate Judge Seibert's Order as both a sword and a shield. If a plaintiffs' expert is permitted to criticize the results of the bottle testing because it was not performed at the rupture site, then the defense experts and counsel should be permitted to note that it was the plaintiffs who objected to such testing.

This Court further agrees with the defendants that any attempt to claim that it was Judge Seibert and not the plaintiffs who placed the restrictions on the location of the testing

is simply gamesmanship and will not be tolerated.

Accordingly, Plaintiffs' Motion *in Limine* to Exclude Testimony from Defense Experts Concerning Limitations Placed on Destructive Testing by the Court and Memorandum in Support [**Doc. 610**] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: January 15, 2014.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE