**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**KIMBERLY LANDIS** and **ALVA NELSON,**
as parents and guardians of A.N., a minor,

      Plaintiffs,

    v.                                            **Civil Action No. 2:11-CV-101**
                                                           (BAILEY)

**HEARTHMARK, LLC,** d/b/a Jarden Home
Brands, **WAL-MART STORES, INC.**,
**C.K.S. PACKAGING, INC.**, **PACKAGING
SERVICE COMPANY, INC.**, and
**STULL TECHNOLOGIES, INC.**,

      Defendants/Third Party Plaintiffs,

    v.

**KIMBERLY LANDIS** and **ALVA NELSON**,
in their individual capacities,

      Third Party Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE TO
EXCLUDE EVIDENCE REGARDING THE IRRELEVANT ACTIVITIES
OF ALVA NELSON AFTER THE RELEVANT EVENTS OCCURRED IN THIS CASE**

Pending before this Court is Plaintiffs' Motion in Limine to Exclude Evidence Regarding the Irrelevant Activities of Alva Nelson after the Relevant Events Occurred in this Case [Doc. 612]. The Motion has been briefed and is ripe for decision.

In the above Motion, the defendant seeks to exclude all evidence relating to two incidents:

    1.    One evening (many months following the incident that is the subject of this

action), Karen Landis (A.N.'s grandmother) went to Alva Nelson's Harman residence. Mr. Nelson answered the door with a hunting rifle in hand. Mr. Nelson did not know who was coming to his home that evening unannounced and was concerned; and

2. In her deposition, Kimberly Landis testified that Mr. Nelson did not consume beer in her presence on February 28, 2010, that she did not smell alcohol on his breath and that beer was not allowed in their home [Doc. 683-1]. In his deposition, T.N., A.N.'s brother, testified that his father threw beer cans into the fireplace [Doc. 683-3].

The defendants concede that the incident with the hunting rifle is not relevant.

With respect to the issue of the beer can, the defendants contend that this relates to the credibility of Kimberly Landis, that it shows that Mr. Nelson misused the fireplace, and is relevant to A.N.'s knowledge and perception of how to treat fires. The defendants do concede, however, that there is no evidence that Mr. Nelson was drinking on the day of the incident.

This Court will exclude both of the incidents in question. With respect to the beer can issue, the sole relevant aspect of the testimony would be to some extent to challenge the credibility of Ms. Landis, A.N.'s mother. This Court finds, however, that this evidence is too tangential to the issues presented, would require a "trial within a trial," and would have a tendency to improperly cause confusion on the part of the jury.

Accordingly, Plaintiffs' Motion in Limine to Exclude Evidence Regarding the Irrelevant Activities of Alva Nelson after the Relevant Events Occurred in this Case [Doc. 612] is **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: January 15, 2014.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE