**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**KIMBERLY LANDIS** and **ALVA NELSON,**
as parents and guardians of A.N., a minor,

       Plaintiffs,

    v.                                      Civil Action No. 2:11-CV-101
                                                      (BAILEY)

**HEARTHMARK, LLC,** d/b/a Jarden Home
Brands, **WAL-MART STORES, INC.**,
**C.K.S. PACKAGING, INC.**, **PACKAGING
SERVICE COMPANY, INC.**, and
**STULL TECHNOLOGIES, INC.**,

       Defendants/Third Party Plaintiffs,

    v.

**KIMBERLY LANDIS** and **ALVA NELSON**,
in their individual capacities,

       Third Party Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE
DEFENDANTS FROM OFFERING EVIDENCE OF FREE MEDICAL CARE**

Pending before this Court is Plaintiffs' Motion *in Limine* to Preclude Defendants from Offering Evidence of Free Medical Care and Memorandum in Support [Doc. 608]. The Motion has been briefed and is ripe for decision.

In the above Motion, the plaintiffs seek to preclude the defendants from offering evidence or eliciting any testimony that any medical care received by A.N. in the past or future was or will be offered gratuitously or free of charge as such evidence is irrelevant, a collateral source, and the probative value of such evidence is unfairly prejudicial to the

1

Plaintiffs.

As a result of his catastrophic burn injuries, A.N. underwent extensive and advanced treatment at the Shriners Hospital for Children ("Shriners") in Cincinnati, Ohio. A.N. was transferred from the burn unit at West Penn Hospital directly to Shriners Hospital where he was an inpatient and underwent multiple surgeries. Even after his discharge, A.N. continued to be treated by the burn surgeons at Shriners Hospital and is still under their care today. It is certain that A.N. will require a large amount of surgeries in the future and throughout his lifetime. That care may, or may not, be carried out at Shriners Hospital.

Shriners Hospitals for Children – Cincinnati, is a 30-bed pediatric burn hospital. The hospital is a Verified Burn Center by the American Burn Association and the American College of Surgeons. It is the charitable mission of Shriners to provide free care to its patients. Historically, the care at Shriners' hospitals has always been administered free of charge and regardless of the family's ability to pay. Recently, however, the hospitals began accepting health insurance payments for its patients whom have such coverage.

Under West Virginia law, a plaintiff is entitled to "recover for the reasonable value of the medical services rendered him because of the injury, provided that he can also show that these services were necessary." ***Jordan v. Bero***, 158 W. Va. 28, 57, 210 S.E.2d 618, 637 (1974), citing ***Konopka v. Montgomery Ward & Co.***, 133 W.Va. 775, 58 S.E.2d 128 (1950) (charges fairly necessary and reasonable in amount); ***Landau v. Farr***, 104 W.Va. 445, 140 S.E. 141 (1927). The same rules apply for medical expenses which are reasonably certain to occur in the future. ***Jordan***, 210 S.E.2d, at 636-640.

West Virginia law is also clear that the recovery is for the value of the medical

2

services received, "not for the expenditures actually made or obligations incurred." ***Kretzer v. Moses Pontiac Sales, Inc.***, 157 W. Va. 600, 610, 201 S.E.2d 275, 281 (1973).

In fact, the West Virginia Supreme Court of Appeals has held as follows:

> Thus, under this general rule, the fact that the medical and nursing services were rendered gratuitously to the one who was injured will not preclude the injured party from recovering the value of those services as a part of his compensatory damages.

*Id.*

In opposing this Motion, the defendants cite a number of cases from other jurisdictions, including ***Moorhead v. Crozer Chester Med. Ctr.***, 564 Pa. 156, 765 A.2d 786 (2001), ***McAmis v. Wallace***, 980 F.Supp. 181, 184 (W.D. Va. 1997), and ***Ellsworth v. Schelbrock***, 235 Wis.2d 678, 698, 611 N.W.2d 764 (2000).

The ***Moorhead*** case was abrogated. *See* ***Cleaver v. United States***, 2012 WL 912729 (W.D. Pa. March 15, 2012).

The ***McAmis*** case is no longer good law. *See* ***Wright v. Smith***, 641 F.Supp.2d 536, 542 (W.D. Va. 2009) and ***Acuar v. Letourneau***, 260 Va. 180, 531 S.E.2d 316, 320 (2000).

The ***Ellsworth*** case is directly in conflict with the defendants' position. In fact, the passage quoted by the defendants cited as the rationale for the decision appears in the *dissenting* opinion.

The cases cited by the defendants are not persuasive, especially in light of the decision of the West Virginia Supreme Court in ***Kretzer***. If the value of nursing services rendered by gratuitously by a daughter are recoverable, certainly then the value of services

3

provided gratuitously by a hospital are recoverable. In *Kretzer*, the Supreme Court noted that "[t]he general rule is is that a plaintiff who has been injured by the tortious conduct of the defendant is entitled to recover the reasonable value of medical and nursing services reasonably required by the injury. This is a recovery for their value and not for the expenditures actually made or obligations incurred. Thus, under this general rule, the fact that the medical and nursing services were rendered gratuitously to the one who was injured will not preclude the injured party from recovering the value of those services as a part of his compensatory damages."

Accordingly, Plaintiffs' Motion *in Limine* to Preclude Defendants from Offering Evidence of Free Medical Care and Memorandum in Support [Doc. 608] is **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: January 15, 2014.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE