UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**KIMBERLY LANDIS** and **ALVA NELSON,**
as parents and guardians of A.N., a minor,

        Plaintiffs,

        v.                                Civil Action No. 2:11-CV-101
                                                   (BAILEY)

**HEARTHMARK, LLC,** d/b/a Jarden Home
Brands, **WAL-MART STORES, INC.**,
**C.K.S. PACKAGING, INC.**, **PACKAGING
SERVICE COMPANY, INC.**, and
**STULL TECHNOLOGIES, INC.**,

        Defendants/Third Party Plaintiffs,

        v.

**KIMBERLY LANDIS** and **ALVA NELSON**,
in their individual capacities,

        Third Party Defendants.

**ORDER GRANTING DEFENDANT C.K.S. PACKAGING, INC.'S
MOTION *IN LIMINE* TO EXCLUDE TESTING INVOLVING NON-CKS BOTTLES**

        Pending before this Court is Defendant C.K.S. Packaging, Inc.'s Memorandum of Law in Support of the Motion *In Limine* to Exclude Testing Involving Non-C.K.S. Bottles [Doc. 435].  While this was styled as memorandum in support of a motion, in fact no such motion was filed.  This Court will treat the memorandum as the Motion.  The Motion has been briefed and is ripe for decision.

        In the Motion, defendant C.K.S. Packaging, Inc., complains that plaintiffs' experts have conducted videotaped testing of bottles not made by C.K.S.  One of these tests

1

shows a plastic bottle disintegrating as a result of an induced explosion. It is abundantly clear that C.K.S. manufactured bottles were available for testing and, in fact, were tested. According to C.K.S., none of its bottles failed during similar testing. The Movant suggests that permitting the jury to see the testing would confuse the jury and prejudice the Movant.

The plaintiff responds that the purpose of the video is to demonstrate a principle upon which the expert relies, relieving it of the burden of showing substantial similarity.

This Court finds that there exists a significant danger that the jury, being shown a video of an exploding bottle, will remember the explosion and fail to recall that it was NOT a C.K.S. bottle that exploded. While the plaintiffs may characterize the video as one demonstrating a principle, it is far too close to being a recreation of the accident. To do so with a non C.K.S. bottle while C.K.S. bottles were available creates too great a danger of confusion and prejudice.

Accordingly, Defendant C.K.S. Packaging, Inc.'s Memorandum of Law in Support of the Motion *In Limine* to Exclude Testing Involving Non-C.K.S. Bottles [**Doc. 435**] is **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: January 15, 2014.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE