UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**KIMBERLY LANDIS** and **ALVA NELSON**,
as parents and guardians of A.N., a minor,

    Plaintiffs,

    v.                                                   Civil Action No. 2:11-CV-101
                                                          (BAILEY)

**HEARTHMARK, LLC,** d/b/a Jarden Home
Brands, **WAL-MART STORES, INC.**,
**C.K.S. PACKAGING, INC.**, **PACKAGING
SERVICE COMPANY, INC.**, and
**STULL TECHNOLOGIES, INC.**,

    Defendants/Third Party Plaintiffs,

    v.

**KIMBERLY LANDIS** and **ALVA NELSON**,
in their individual capacities,

    Third Party Defendants.

### ORDER GRANTING HEARTHMARK, LLC'S AND WAL-MART STORES, INC.'S MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONY OF PACKAGING SERVICE CO., INC.'S EXPERT, RUSSELL MARHEFKA

Pending before this Court is Hearthmark, LLC's and Wal-Mart Stores,Inc.'s Motion in Limine to Exclude Certain Testimony of Packaging Service Co., Inc.'s Expert, Russell Marhefka [Doc. 640]. The Motion has been briefed and the same is ripe for decision.

In the above Motion, the Hearthmark and Wal-Mart seek to exclude certain opinions or testimony of Russell Marhefka regarding communications between Packaging Service

1

Co. and Hearthmark with respect to the safety of the fire gel product and the testing of the same, the meaning of the word "merchantable," the assumption of responsibility and liability for testing, and the safety of the product. These opinions are set forth in paragraphs 16, 18, 19, 20, and 21 of Marhefka's report [Doc. 684-2]. The Motion will be granted for the following reasons:

1. With respect to the communications between Packaging Service Co. and Hearthmark, the documents and testimony of the persons involved in the communications are the appropriate evidence. "Expert testimony which 'merely regurgitates factual information that is better presented directly to the jury rather than through the testimony of an expert witness' is properly excluded." **In re C.R. Bard, Inc.**, 948 F.Supp.2d 589, 608 (S.D. W.Va. 2013) (Goodwin, J.), citing **Hines v. Wyeth**, 2011 WL 2680842, at *5 (S.D. W.Va. July 8, 2011) (Copenhaver, J.).;

2. The Court will define the term "merchantable" in its instructions, if requested. Expert testimony as to the definition is not required;

3. This Court agrees that the proposed testimony is "thinly disguised closing argument."

Accordingly, is Hearthmark, LLC's and Wal-Mart Stores,Inc.'s Motion in Limine to Exclude Certain Testimony of Packaging Service Co., Inc.'s Expert, Russell Marhefka [Doc. 640] is **GRANTED**. Opinions 16, 18, 19, 20, and 2 may not be presented to the jury.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: February 26, 2014.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE