# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**KIMBERLY LANDIS** and
**ALVA NELSON,** as parents and
guardians of A.N., a minor,

    Plaintiffs,

v.                                           Civil Action No. 2:11-CV-101
                                                  (BAILEY)

**JARDEN CORPORATION**; **HEARTHMARK, LLC**
d/b/a **JARDEN HOME BRANDS**; **WAL-MART**
**STORES, INC.**; **C.K.S. PACKAGING, INC.**;
**PACKAGING SERVICE COMPANY, INC.**; **and**
**STULL TECHNOLOGIES, INC.**,

    Defendants/Third-Party Plaintiffs,

v.

**KIMBERLY LANDIS** and
**ALVA NELSON**, individually,

    Third-Party Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART C.K.S. PACKAGING, INC. AND STULL TECHNOLOGIES, INC.'S MOTION FOR CLARIFICATION OR RECONSIDERATION REGARDING THEIR MOTIONS FOR SUMMARY JUDGMENT ON CROSS-CLAIMS

Presently pending before this Court is C.K.S. Packaging, Inc. and Stull Technologies, Inc.'s Motion for Clarification or Reconsideration Regarding Their Motions for Summary Judgment on Cross-Claims [Doc. 795], filed February 27, 2014. For the reasons set forth below, the Motion shall be **GRANTED IN PART** and **DENIED IN PART**.

As CKS and Stull note in their Motion, on February 26, 2014, this Court denied as moot both parties' Motions for Summary Judgment [Docs. 514, 517], as both have settled

1

all claims with plaintiffs. See [Doc. 787]. CKS and Stull argue that although their Motions for Summary Judgment are indeed moot as to plaintiffs and as to Packaging Service Co., Inc.[1], their Motions are not moot as to defendants Hearthmark, LLC and Wal-Mart Stores, Inc., as the implied indemnity claims asserted by Hearthmark and Wal-Mart against CKS and Stull are still live.

This Court agrees. To the extent that CKS and Stull's Motions [Docs. 514, 517] seek summary judgment on the cross-claims for implied indemnity asserted by Hearthmark and Wal-Mart,[2] a live controversy remains. However, this Court declines CKS and Stull's invitation to enter summary judgment on those implied indemnity claims at this time. Neither Hearthmark nor Wal-Mart have been found liable on plaintiffs' claims, and it has yet to be determined in what fashion or whether the Diamond Gel is defective or the parties were negligent. Adjudication of indemnity claims at this juncture would therefore be premature. See, e.g., **Doe v. City of Chicago**, 360 F.3d 667, 672 (7th Cir. 2004) ("We have warned repeatedly against trying to resolve indemnity before liability.").

Accordingly, CKS and Stull's Motion for Clarification or Reconsideration Regarding their Motions for Summary Judgment on Cross-Claims **[Doc. 795]** is **GRANTED** insofar as it seeks clarification regarding the continued vitality of the parties' Motions for Summary Judgment on the implied indemnity claims asserted by Hearthmark and Wal-Mart, but

---

[1] PSC has withdrawn its cross-claims against both CKS and Stull. See [Doc. 777].

[2] As noted in Hearthmark and Wal-Mart's Response in Opposition [Doc. 592] to both Motions, it is not clear whether Stull's Motion for Summary Judgment seeks summary judgment as to all claims and cross-claims asserted against it or only as to plaintiffs' claims. See [Doc. 592 at 2 n.1]; Stull's Memorandum of Law in Support of its Motion for Summary Judgment [Doc. 516] (failing to discuss cross-claims).

**DENIED without prejudice** insofar as it presently seeks entry of summary judgment on same.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record herein.

**DATED**: March 3, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE