UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**KIMBERLY LANDIS** and **ALVA NELSON**,
as parents and guardians of A.N., a minor,

      Plaintiffs,

    v.                                          Civil Action No. 2:11-CV-101
                                                       (BAILEY)

**HEARTHMARK, LLC,** d/b/a Jarden Home
Brands, **WAL-MART STORES, INC.**,
**C.K.S. PACKAGING, INC.**, **PACKAGING
SERVICE COMPANY, INC.**, and
**STULL TECHNOLOGIES, INC.**,

      Defendants/Third Party Plaintiffs,

    v.

**KIMBERLY LANDIS** and **ALVA NELSON**,
in their individual capacities,

      Third Party Defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR AN ADVERSE INFERENCE INSTRUCTION

Pending before this Court is Defendant Packaging Service Co., Inc.'s Motion for an Adverse Inference Instruction [Doc. 759] and Hearthmark, LLC and Wal-Mart Stores, Inc.'s Joinder in Defendant Packaging Service Co., Inc.'s Motion for an Adverse Inference Instruction and Separate Supporting Memorandum of Law [Doc. 766]. The Motion has been briefed and is ripe for decision.

In the above Motion, the moving defendants seek the following adverse inference instruction:

## Spoliation of Evidence – Adverse Inference

You have heard testimony that the scene of the incident at issue in this litigation was altered shortly after the February 28, 2010 incident and before PSC ever received notice of Plaintiff's claims. Consequently, neither the expert witnesses retained by PSC, nor any PSC representative, had an opportunity to inspect the scene in connection with this litigation prior to these alterations. In addition, you have heard testimony that Plaintiff retained counsel and was instructed not alter the scene as early as March 10, 2010. You the jury have seen photographs depicting alterations between March 10, 2010 and June 2010.

Evidence has been presented that Plaintiff and/or his counsel had control, authority, possession and ownership over the scene of the incident after it occurred. In addition, evidence has been presented that Plaintiff and his counsel anticipated litigation, had knowledge not to alter the scene, but yet allowed for the scene to be altered between February 28, 2010 and June 2010. Accordingly, if you find that the alteration of the fire scene prejudiced PSC's defense in this case, you may infer that the scene, if it had been available as of the day of the incident without alterations, would have been unfavorable to Plaintiff meeting his burden in this case and favorable to PSC's defense.

In this case, the defendants claim that the scene of the accident was altered between the time the accident occurred and the time the defendants were provided an

opportunity to inspect the same. Defendants assert the plaintiffs had notice from the time of the accident of what caused the injuries, and were accordingly required under the law to preserve the scene. Specifically, defendants point out that the fireplace screen was moved back in front of the fireplace, some logs were missing, a box now sits in front of the wood pile, a wooden barrel is gone, and fireplace utensils have been moved. Defendants have provided pictures taken in March 2010 and June 2010 illustrating the differences.

The plaintiffs argue that the key pieces of evidence have all been preserved and the defendants are unable to meet their burden or show that the alleged spoliation of the fireplace area substantially prejudices their ability to defend this action.

The West Virginia Supreme Court of Appeals has applied the following test for determining whether a trial Court may give an adverse inference instruction:

> Before a trial court may give an adverse inference jury instruction or impose other sanctions against a party for spoliation of evidence, the following factors must be considered: (1) the party's degree of control, ownership, possession or authority over the destroyed evidence; (2) the amount of prejudice suffered by the opposing party as a result of the missing or destroyed evidence and whether such prejudice was substantial; (3) the reasonableness of anticipating that the evidence would be needed for litigation; and (4) if the party controlled, owned, possessed or had authority over the evidence, the party's degree of fault in causing the destruction of the evidence. The party requesting the adverse inference jury instruction based upon spoliation of evidence has the burden of proof on each element of the

four-factor spoliation test. If, however, the trial court finds that the party charged with spoliation of evidence did not control, own, possess, or have authority over the destroyed evidence, the requisite analysis ends, and no adverse inference instruction may be given or other sanction imposed.

Syl. Pt. 2, *Tracy v. Cottrell*, 524 S.E.2d 879 (W. Va. 1999).

This Court will address each factor in turn.

1. Plaintiffs' degree of control, ownership, possession or authority over the destroyed evidence

It is not disputed that any evidence contained in the plaintiffs' home would be under their control.

2. Prejudice suffered by the opposing party as a result of the missing or destroyed evidence and whether such prejudice was substantial

The defendants assert that they have been prejudiced because they were never provided the opportunity to inspect or perform tests of the scene as it was at the time of the incident to effectively evaluate cause and origin. This Court agrees with the plaintiffs that all the important evidence in this case appears to have been kept intact. This Court finds that any slight alterations that have been alleged do not rise to such a substantial level of prejudice to the defendants that the harsh remedy of an adverse instruction should be given.

3. Reasonableness of anticipating that the evidence would be needed for litigation

This Court does not doubt that the plaintiffs were at some point made aware of the need to preserve the scene in anticipation of litigation. The timing of such advice is not clear.

4. Plaintiffs' degree of fault in causing the destruction of the evidence

While the fireplace and items surrounding it were certainly under the plaintiffs' control as it is contained within their home, as the plaintiffs point out in their brief in opposition, they were at A.N.'s hospital bedside virtually every day between February 28, 2010, and May 14, 2010. During that time, A.N.'s grandparents came to stay at the plaintiffs' home to care for A.N.'s brother. Although it is clear that certain items were moved at some point in time, there is simply no evidence of who or what may have caused this to occur. Having read the briefing, this Court is convinced that the plaintiffs' put forth their best efforts to preserve the scene while simultaneously dealing with their critically injured child.

Having reviewed the above, this Court finds that the defendants have not met their burden of proof on each element of the four-factor spoliation test. Therefore, upon consideration of the *Tracy* factors, this Court is of the opinion that Defendant Packaging Service Co., Inc.'s Motion for an Adverse Inference Instruction [**Doc. 759**] and Hearthmark, LLC and Wal-Mart Stores, Inc.'s Joinder in Defendant Packaging Service Co., Inc.'s Motion for an Adverse Inference Instruction and Separate Supporting Memorandum of Law **[Doc. 766]** should be, and the same are, hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: March 14, 2014.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE